## SAFETY CASUALTY CO. v. HINTON.
### No. 4395.

Court of Civil Appeals of Texas. Beaumont.
Oct. 24, 1946.

Rehearing Denied Nov. 13, 1946.

Lipscomb & Lipscomb, of Beaumont, for appellant.

Adams & Daughtry, of Beaumont, for appellee.

MURRAY, Justice.

This is a workman's compensation case, in which the appellee was awarded compensation for total and permanent disability by a judgment of the district court of Jefferson county, based upon a verdict of a jury.

Appellant's first and second points assign error to a remark made by the trial judge in the course of the trial while ruling upon an objection made by appellant's counsel. The first point maintains that such remark was error and its second point says that the court's refusal to sustain its motion for mistrial because of the remark was also error. While counsel for appellee was examining a physician witness, he asked a lengthy hypothetical question. Counsel for appellant made objection to the question, and, after stating his views as to the objectionable features of the question, added that "this method of making a statement to the jury in anticipation of a favorable answer to a hypothetical question is wholly unfair that we take an exception to the question on those grounds and ask the court to exclude the answer." The trial judge then said: "The court thinks that that question is a fair summary of the matters inquired about." Appellant excepted to the court's remarks. Counsel then moved the court to declare a mistrial and dismiss the jury because of the remarks of the trial judge. It contends that such remark was a comment upon the weight of the evidence, which comment prejudiced appellant before the jury. The remark of the trial court could in no way be regarded as a comment on the evidence

or the weight thereof. It concerned a question asked, and not the evidence of any witness. It was a remark to the effect that the court was overruling the objection, in which objection was included the statement that opposing counsel's method of asking the question was unfair. It was a remark to which nothing can be ascribed except what it actually contained, which was simply the statement that the court believed the hypothetical question propounded was a fair summary of the matters inquired about, as contrasted to the expressed belief of counsel that it was not a fair summary. On the authority of Smith v. Traders' National Bank, 82 Tex. 368, 17 S.W. 779 and Texas Co. v. Burkett, Tex. Civ.App., 255 S.W. 763, affirmed 117 Tex. 16, 296 S.W. 273, 54 A.L.R. 1397, these points are overruled.

The appellee, Hinton, was injured in the course of his employment by the Magnolia Petroleum Company and was awarded by the judgment of the trial court compensation for total and permanent disability. The appellant, Safety Casualty Company, defended upon the ground that long prior to beginning his work as an employee of the Magnolia Petroleum Company the appellee had suffered previous injury, or injuries, in industrial employment and that such previous injuries resulted in incapacity and that such incapacity resulting from previous injuries contributed in some degree to the appellee's present disability. Appellant specially pleaded injuries received by appellee in 1938, 1941 and 1942, and also that his disability was contributed to by disease. The issues of fact were submitted to a jury in the form of 28 special issues. By its verdict, the jury found in answer to special issues submitted that appellee sustained an accidental injury on or about September 8, 1944, in the course of his employment with Magnolia Petroleum Company in Jefferson county, Texas, and that such injury resulted in total incapacity to work and earn money, which incapacity began on September 8, 1944, and would continue for the remainder of his life; that the injury was the producing cause of such incapacity and that it did not result in any partial incapacity; that an injustice and hardship would result to ap-

pellee if a lump sum were denied him in the event of recovery by him of compensation; that his present disability is not due solely to disease processes; that it is not due solely to hyperthropic arthritis changes due to age and time and was not caused by appellee's wilful intention and attempt to injure himself; that the injuries which appellee received in 1938, 1941 and 1942, or their effects, have not contributed in any degree to his present disability; that a fall on a stairway referred to in the testimony did not contribute in any degree to appellee's present disability; that an injury sustained by appellee in a personal encounter and fight did not contribute in any degree to his present disability; that the strain resulting from lifting of a keg of bolts did not contribute in any degree to his present disability; that the squeeze resulting from handling a bale of burlap bags did not contribute in any degree to appellee's present disability.

■ By its third, fourth and fifth points, the appellant complains of the action of the trial court in refusing to submit its special requested issues Nos. 1, 2 and 3. Such requested issues Nos. 1, 2 and 3 would have requested findings of the jury whether appellee prior to September 8, 1944, suffered a series of injuries in the course of his employment, whether such previous injuries, if any, or their combined effects have resulted and would result in incapacity to procure and obtain employment, and what percentage of disability was due to such injuries suffered prior to September 8, 1944. Upon examination of the charge as given by the court, it is found that special issue No. 19 therein reads as follows:

"Special Issue No. 19

"From a preponderance of the evidence do you find that the injuries which A. A. Hinton received in 1938, 1941 and 1942, or their effects, have not contributed in any degree to his present disability, if any? Answer yes or no."

It is evident that the court deemed it unnecessary to submit special requested issue No. 1, because of the evidence and admissions by appellee that such previous injuries had been received by him. Special issue No. 19, as submitted by the court, is

substantially the same as that requested by the appellant in its requested issue No. 7, and assumes that such previous injuries had been received by the appellee. The appellant argues in support of these three points that it was error for the court not to word the issue as given so as to inquire whether such previous injuries "or their combined effects" did not contribute in any degree to appellee's present disability. Special issue No. 19 inquired whether previous injuries received in 1938, 1941 and 1942, or their effects, contributed to appellee's disability. Such an issue so worded contained the idea of the combined effects of such injuries of 1938, 1941 and 1942, and we believe it substantially submitted to the jury the issue as requested by the appellant. This is especially true in view of the fact that elsewhere in the charge the court submitted a separate issue as to the effect of each of such previous injuries. Under Rule 279, Texas Rules of Civil Procedure, we believe the issues submitted were sufficient. The court submitted as special issue No. 20 the issue as to what percentage was not due to the injuries received in 1938, 1941 and 1942, such issue being submitted upon the condition that it was to be answered by the jury only in the event of an answer of "no" to the preceding issue, to the effect that such previous injuries had contributed to his present disability.

By its sixth and seventh points, appellant says that the court erred in failing to submit to the jury its special requested issue No. 7, inquiring whether the previous injuries suffered by appellee in 1938, 1941 and 1942, or their effects, have not contributed to appellee's incapacity, and in submitting for a finding by the jury of the percentage of such incapacity had there been no previous injury. In our discussion above of the third, fourth and fifth points, it is pointed out that special issue No. 19 as given by the court in its charge substantially presented the matters inquired about in the appellant's special requested issue No. 7. An appropriate and subsidiary issue was submitted by the court in its special issue No. 20 and these points are overruled.

By its eighth point, appellant maintains that the court erred in refusing to submit in its charge special charge No. 1, requested by the appellant. Such special charge as requested reads as follows: "In connection with the main charge of the court you are further instructed as a part of the law of the case that the term 'accident' as used in this charge means an undesigned, unforeseen and unexpected occurrence or mishap which can be traced to a definite time, place and cause." Appellant also objected to the main charge, saying it failed to admonish the jury that a distinguishing characteristic of an accidental injury is that it can always be traced to a definite time, place and cause. The court in its charge instructed the jury that "an accident is an unforeseen, undesigned and unexpected occurrence of a calamitous nature." The wording sought by the appellant would have been appropriate had the pleadings and the evidence raised any issue as to whether the claimant's disability and incapacity were the result of an occupational disease rather than an industrial accident. Such an issue was not present in this case, however. The definition as given by the court has been approved many times and this contention of appellant is overruled on the authority of Maryland Casualty Co. v. Rogers, Tex.Civ.App., 86 S.W.2d 867; Texas Employers Insurance Ass'n v. Parr, Tex.Com.App., 30 S.W.2d 305.

We believe the trial court went to great pains in its charge to submit all the various phases of the appellant's defensive issues as raised by the pleadings and the evidence. By separate issues, the court submitted singly each previous injury alleged by the appellant to be a contributing cause of appellee's disability and also submitted jointly those same previous injuries. The trial court also submitted the question of disease and wilful injury for findings by the jury. We believe appellant's contentions were adequately presented in the court's charge.

The judgment is affirmed.