## W. L. ABBOTT v. J. E. STANLEY.

### No. 6352.

1. **Sheep Inspector—Presumption.**—In the absence of evidence to the contrary it will be presumed from an order of a Commissioners Court appointing a sheep inspector that the facts existed required by the Act of 1883 to authorize such appointment.

2. **Inspection Fees—Husband and Wife.**—The law which confers on the husband the sole management of the wife's property renders him liable under the Act of April 4, 1883, for inspection fees due for the inspection of her sheep, though the immediate supervision and management of the flock may have been entrusted to another.

APPEAL from Lampasas. Tried below before Hon. W. A. Blackburn. The opinion states the case.

*W. B. Abney,* for appellant.—1. The court erred in admitting in evidence over the objection of defendant the original petition filed in the Commissioners Court asking for the appointment of a sheep inspector. 1 Greenl. Ev., secs. 557, 569.

2. The original order of the Commissioners Court failing to show that the facts existed which would authorize the appointment of a sheep inspector for Lampasas County, and it not appearing from other evidence adduced that such facts existed at the time of said appointment, the order making said appointment was not admissible in evidence. Acts 1883, p. 42, sec. 1; Mitchell v. Runkle, 25 Texas Supp., 133; Thatcher v. Powell, 6 Wheat., 119; Freem. on Judg., sec. 123.

No brief on file for appellee.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover fees claimed to be due him as inspector of sheep for Lampasas County.

The Act of April 4, 1883, provides that "whenever it appears from the assessor's rolls that there are as many as 500 sheep owned and assessed for taxes in any county of this State, it shall be the duty of the Commissioners Court of said county, upon the application of one or more resident owners of sheep of said county, to appoint an inspector of sheep," etc.

On the trial plaintiff was allowed to introduce in evidence a petition filed in the County Commissioners Court, which purported to have been signed by owners of sheep of said county, for the appointment of a sheep inspector.

Defendant objected to the evidence on the ground that the execution of the instrument by the signers had not been proved.

The plaintiff was permitted to read as evidence the order of the Commissioners Court appointing him sheep inspector and showing an approval of his bond as such inspector.

We do not think that the court committed an error in either of said rulings.  It may be presumed in this suit that the court before it appointed an inspector ascertained that the facts existed to authorize such action by it.

It is insisted that the evidence did not sustain the judgment because it failed to show that the sheep inspected were either owned by appellant or in his charge.   The law provides that the inspector's fees shall be paid "by the ·owner or person in charge of the sheep inspected, and the inspector shall have a lien for his fee upon all sheep inspected by him and found to be diseased with scab."   The evidence shows that from onethird to one-half of the flock inspected were afflicted with scab.

The court found as a conclusion of fact that plaintiff "inspected 1333 head of sheep in the care, control, and management of the defendant." The evidence showed that the sheep were the separate property of the wife of the defendant.   The defendant testified that he was not in charge of the sheep, but that one Lee had charge of them at the time of the inspection.

The provision of our law that "during the marriage the husband shall have the sole management" of the wife's property sufficiently made defendant the person in charge of the sheep to render him liable for the inspection fees even if such liability did not otherwise exist.

We find no error in the record for which we think the judgment should be reversed, and it is affirmed.

*Affirmed.*.

Delivered May 16, 1890.