### TEXAS CO. v. RAMSOWER et al.
### (No. 1483.)

(Court of Civil Appeals of Texas. El Paso.
Oct. 18, 1923. Rehearing Denied
Nov. 15, 1923.)*

1. **Mines and minerals ⬤⇒78(1)—Implied covenant to drill offset wells to prevent drainage held included in oil and gas lease.**

Under an oil and gas lease "for the sole and only purpose of mining and operating for oil and gas," etc., which provided that it was to remain in force for five years, or so long as oil was being produced, and that if no well was commenced within a year from its date the lease might be kept alive by payment of $200 per annum, the payment of the stipulated annual rental in lieu of development work did not excuse the lessee from drilling offset wells to protect against drainage; such obligation being an implied term of the lease.

2. **Mines and minerals ⬤⇒78(1)—Offset wells to prevent drainage to adjacent wells should be drilled by lessee when reasonably necessary.**

Under an implied covenant in oil lease to drill offset wells to prevent drainage to adjacent wells, such wells should be drilled where the circumstances are such that reasonably prudent operators would drill them, and, in order to recover for failure to drill, it is unnecessary to prove that the lessee acted fraudulently.

3. **Mines and minerals ⬤⇒78(7)—Evidence of drainage of oil to adjacent wells because of lack of offset wells held to sustain verdict for damages.**

Testimony as to existence of wells on adjacent premises within such proximity to the leased premises involved that oil would drain into them, and that two or more of said wells produced large quantities of oil, and direct testimony as to the value thereof, held to sustain a verdict for damages for failure to drill offset wells under an implied covenant in the lease.

4. **Mines and minerals ⬤⇒78(7)—Evidence of value of oil in action for damages for failure to drill offset wells held sufficient.**

In an action for damages for failure to drill offset wells to prevent the drainage of oil to adjacent wells, uncontradicted evidence of two witnesses as to the value of oil produced in that field held sufficient to sustain an award of damages.

<hr/>

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted December 20, 1923.

5. **Appeal and error** ⊙⇒1050(1)—**Admission of simply corroborative evidence where other evidence not objected to, if error, held harmless.**

The admission of evidence over objection of the adverse party, if error, *held* harmless where similar testimony by another witness was admitted without objection.

6. **Appeal and error** ⊙⇒1053(2) — **Erroneous admission of evidence of a proposed compromise held not prejudicial in view of withdrawal thereof by instructions.**

The erroneous admission of evidence of a proposed, though unconsummated, compromise, in an action for damages for failure to drill offset wells to prevent drainage to adjacent wells, *held* not prejudicial where the court in writing withdrew the whole matter, and charged the jury not to consider any of it for any purpose except on the question of ownership of the lease.

7. **Mines and minerals** ⊙⇒78(7)—**Evidence of producing wells on adjacent premises held admissible in action for failure to drill offset wells.**

In an action for damages for failure to drill offset wells under an implied covenant in an oil lease to prevent drainage to adjacent wells, evidence of producing wells brought in on adjacent property and sufficiently close to permit or cause drainage thereto is admissible, whether specifically named in the bill or not.

8. **Trial** ⊙⇒68(1)—**Reopening of case for additional evidence held not error.**

In an action for damages for failure to drill offset oil wells, under Rev. St. art. 1952, there was no error in the court's permitting the reopening of the case after both sides had closed, and witnesses had been discharged to let plaintiff introduce evidence of the value of the oil.

9. **Mines and minerals** ⊙⇒78(7)—**Charge on measure of damages in action for failure to drill offset wells held unnecessary where case was submitted on special issues.**

In an action for damages for failure to drill offset wells under an implied covenant in an oil lease to prevent drainage to adjacent wells, where the case was submitted upon special issues, it was not necessary for the court to charge on the measure of damages, and it does not follow from the court's failure to charge that plaintiff was entitled to a one-eighth interest that the jury in arriving at their verdict did not consider plaintiff's interest as specified in the lease which was before the jury, particularly where the verdict was of such an amount as was warranted by the evidence.

10. **Evidence** ⊙⇒171—**Parol evidence of ownership held admissible in action for damages for failure to drill offset wells.**

In an action for damages for failure to drill offset wells to prevent drainage to adjacent wells, where title to the property involved was not in dispute, parol evidence was admissible to prove ownership in one plaintiff and entitle her to recover.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

⊙⇒*For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes*

Action by Mrs. L. A. Ramsower, for self and as surviving community administratrix, and others, against the Texas Company. Judgment for plaintiffs, and defendant appeals. Reformed, and affirmed.

H. S. Garrett, of Fort Worth, and Edwin B. Parker, of New York City (Robt. A. John, of Houston, of counsel), for appellant.

Burkett, Orr & McCarty, of Eastland, for appellees.

HARPER, C. J. Appellees brought this action to recover damages of appellant, occasioned by its failure to use diligence in drilling offset wells to those on adjacent lands to prevent drainage from the premises then held by appellant under a lease contract, the portions deemed pertinent to the issues urged here being as follows:

"This agreement between Mrs. L. A. Ramsower for self and as surviving community administratrix * * * and I. J. Thompson, witnesseth: That the lessor, in consideration of $5,000 cash in hand and the covenants and agreements hereinafter contained on the part of lessee to be kept and performed, has granted, conveyed, demised, leased and let, and by these presents does grant, convey, demise, lease and let unto the said lessee, for the sole and only purpose of mining and operating for oil and gas, and of laying pipe lines, and of building tanks, power-stations and structures thereon to produce, save and care for said products," etc.,

—the lands described being 200 acres. This lease to remain in force for five years, and so long as oil or gas is being produced. If no well is commenced within a year, to be kept alive by payment of $200 per annum; and it further provides for one-eighth of all oil produced and $150 per year for gas, etc.; also that lessee may assign.

The appellees prosecute the suit upon the principle of implied covenant to protect the premises from drainage.

The defendant urges: (1) That, since the contract provided for payment of $200 per annum in lieu of drilling wells, the payments having been made, it is thereby relieved of any obligation to drill a well or wells of any kind. (2) That, if the principle of implied covenant applies to this form of contract, nevertheless it is vested with the discretion of determining whether it was necessary to drill offset wells to protect the premises, and it was the sole judge, etc., in the absence of fraud, and, having decided against drilling, plaintiff cannot maintain this action.

The case was tried to a jury upon special issues, and upon the verdict judgment was entered for plaintiffs for $7,525.87, from which an appeal is taken.

[1] First, we take up the points above noted, made first by the pleadings and here by appropriated assignments and propositions, because they go to the foundation of the cause

of action. Whilst the Supreme Court of this state has not, so far as we can find, approved of the holding that such contracts for development of oil and gas contain an implied covenant to protect the owner by drilling offset wells in a proper case, our Courts of Civil Appeals approve it, and the appellate courts of other states have in able opinions recognized and applied the principle in many cases, and we think the great weight of authority supports the affirmative of the proposition. Cases in Texas: Burt v. Deorsam (Tex. Civ. App.) 227 S. W. 354; J. M. Guffey Pet. Co. v. Jeff Chaison T. Co., 48 Tex. Civ. App. 555, 107 S. W. 609; Humble Oil Refining Co. v. Strauss (Tex. Civ. App.) 243 S. W. 528. For authorities outside this state and a clear and full discussion of the principle of law, see Brewster v. Lanyon Zinc Co., 140 Fed. 801, 72 C. C. A. 213; Steel v. Amer. Oil & Development Co., 80 W. Va. 206, 92 S. E. 410, L. R. A. 1917E, 975; Blair v. Clear Creek Oil & Gas Co., 148 Ark. 301, 230 S. W. 286, 19 A. L. R. 430. And it is clear that the payment of annual rentals only relieved appellant from further drilling for development, and did not relieve it of the obligations under the implied covenant to protect from drainage. See Blair v. Clear Creek Oil & Gas Co., supra.

[2] And under the holdings in above cases we think the rule that should govern in determining whether offset wells should be drilled, and the extent, etc., is that which in the circumstances would be reasonably expected of operators of ordinary prudence, and it is not necessary to prove that lessee acted fraudulently. Burt v. Deorsam, supra.

[3] It is by other propositions insisted that there is no evidence that any oil or gas was drained from the premises, no evidence of the amount nor of its value, etc. The testimony in this case is to the effect that wells had been drilled on adjacent tracts within sufficient proximity to the leased premises that oil would drain into them, and that one or more of said wells had produced large quantities of oil, and there is direct testimony of the value of oil. From the nature of the subject-matter it is impossible to allege and prove that a definite amount of oil has been drained from leased lands, so allegations and proof of such facts as would reasonably lead to the conclusion that such was the case must be held to be sufficient to support a verdict, and we hold that the evidence in this case is such that we do not feel authorized to set aside the verdict or to reverse the cause upon that ground. Texas & Pacific Coal & Oil Co. v. Barker (Tex. Civ. App.) 252 S. W. 809, and authorities there cited.

[4] There is definite evidence of two witnesses as to the value of oil produced in that field, and no evidence to the contrary, so the proposition that there is no evidence of value of oil cannot be sustained.

[5] Appellant objected to the testimony of one of the witnesses, but not to the other, so, if it was improper to admit the testimony of this witness, it was simply corroborative of other testimony, and harmless. M., K. & T. Ry. Co. v. Dilworth, 95 Tex. 327, 67 S. W. 88.

[6] During the trial witnesses for plaintiff testified to transactions and conversations between plaintiff and the agent of defendant leading up to a compromise of the question of drilling offset wells. A written agreement was prepared and executed by defendant, which plaintiff refused to sign, etc. This was all objected to for various reasons, and for the reason that evidence concerning proposed compromises of the subject-matter of the suit are in no event admissible. This objection is well taken, but the court, by charge in writing, withdrew the whole of the matter carried into the bills of exceptions, and charged the jury not to consider any of it for any purpose except that the writing might be considered on the question of the ownership of the lease by the defendant. This was not reversible error, for it seems that any wrong which might have been done by admitting the improper testimony should have been remedied by the charge withdrawing it, and the record before us discloses nothing to indicate that appellant was prejudiced by it. Church v. Waggoner, 78 Tex. 203, 14 S. W. 581.

[7] The allegations of plaintiffs' petition are sufficient to permit evidence of producing oil wells brought in on adjacent property and sufficiently close to permit or cause drainage from the premises whether they were specifically named in the bill or not.

[8] Reversible error is charged in the act of the court in reopening the case after both sides had closed, and the witnesses been discharged, for the purpose of letting plaintiff introduce evidence of value of oil. We find no reversible error in this. A trial court is vested with liberal discretion in reopening a case if parties have rested by article 1952, Rev. Civil Statutes of Texas.

[9] It is next urged that the court erred in failing to charge upon the measure of damages, and that by failure to do so the jury were permitted to speculate upon the amount of oil drained and the interest therein which plaintiff had. And in this respect it is urged that the verdict is excessive and arrived at by speculation, etc.

Where the case is submitted upon special issues it is not necessary to charge upon the measure of damages. Railway Co. v. Wall (Tex. Civ. App.) 165 S. W. 527. And it does not follow that, because the court did not charge the jury that the plaintiff could only recover a one-eighth interest in any oil drained from the premises, they did not arrive at their verdict with this test in mind. They had before them the lease contract which plainly provided that she should have one-eighth interest in the oil produced, and they

must have known that such was the interest to be awarded in damages to the plaintiff, and the sum awarded is not more than one-eighth of the oil which the jury could have, under the evidence, found had been drained from the premises.

[10] By assignment it is urged that there is no proof of ownership to the land in plaintiffs. The title to the property was not in dispute, so the parol evidence admitted over objections was admissible and sufficient to prove ownership in plaintiff, Mrs. L. A. Ramsower, and to entitle her to recover. Bexar County v. Terrell (Tex. Sup.) 14 S. W. 62; Campbell v. Peacock (Tex. Civ. App.) 176 S. W. 774.

But appellee concedes that evidence showed the ownership of the land to be in her as administratrix, and that the other plaintiffs, Herman Roswell and W. J. Murray, had no interest. So the whole of the amount found by the jury must necessarily go to the former, and the latter recover nothing.

We have endeavored to pass upon all questions presented by the brief by what is written, so if any proposition is not specifically mentioned all have been carefully considered, and are overruled because they present no reversible error.

The judgment of the trial court will be reformed to this extent, and as reformed affirmed. Costs of this appeal are taxed against appellant, the Texas Company.