### WRIGHT v. KALER.   (No. 7724.)

Court of Civil Appeals of Texas. San Antonio.
March 16, 1927.

Rehearing Denied April 13, 1927.

1. Venue ☞5(3)—Suit to determine amount
due home building association held not one to
remove cloud on title, defeating plea of priv-
ilege (Rev. St. 1925, art. 1995, subd. 14).

In suit against receiver of home building
association for ascertainment of amount due
from plaintiff under contract with association,
defendant's plea of privilege is not defeated
under Rev. St. 1925, art. 1995, subd. 14, on
ground that deed of trust securing advances
made by association was cloud on title and made
suit one to remove cloud.

2. Venue ☞7—In receivership of home build-
ing association, equity requires those who
borrowed money to restore it for distribution
in county where receivership is pending.

In receivership of home building associa-
tion for purpose of dissolving company and
winding up its affairs, equity requires those who
borrowed money to restore it for distribution,
so that no preference will be given, in county
where receivership is pending.

Appeal from District Court, Nueces Coun-
ty; W. B. Hopkins, Judge.

Suit by Mrs. Mary Frances Kaler against
G. G. Wright, as receiver of the United Home
Builders of America, and another. The de-
fendant named filed a plea of privilege which
was overruled, and he appeals. Reversed
and rendered.

John W. Pope and J. L. Zumwalt, both of
Dallas, for appellant.

Boone & Savage, of Corpus Christi, for ap-
pellee.

COBBS, J. Mrs. Mary Frances Kaler, as
plaintiff, on the 31st day of January, 1925,
brought this suit in the district court of
Nueces county, Tex., against John M. Scott,
as commissioner of insurance of the state of
Texas, and G. G. Wright, as receiver of the
United Home Builders of America, as defend-
ants.

To plaintiff's original petition, the defend-
ant John M. Scott filed a disclaimer, and no
other pleadings were filed by him at any time.
The defendant G. G. Wright filed a plea of
privilege to be sued in Dallas, Tex.

The plaintiff thereafter, on June 8, 1925,
filed her first amended original petition, al-
leging substantially as follows:

That she was a widow and a resident of
Nueces county, Tex., and that the defendant
G. G. Wright is a resident of Dallas county,
Tex., and is the receiver of the United Home
Builders of America under appointment of
one of the district courts of Dallas coun-
ty, Tex.

That she is the owner of certain real estate
situated in Nueces county, Tex., and on or
about January 15, 1922, she executed to said
United Home Builders of America a deed of
trust on said property to secure the payment
of a promissory note made by her of even
date with said deed of trust, payable to the
order of the trustees of the said United Home
Builders of America, in the principal sum of
$2,550, and $309.60 interest, all due on or be-
fore 85 months after date, in monthly install-
ments upon the principal and interest, at the
office of said company in Dallas, Tex. That
said deed of trust was recorded in the prop-
er records in Nueces county, Tex., and con-
stitutes and is a lien apparently valid and
subsisting to the full extent of the amount of
the principal and interest of said indebted-
ness, and is unreleased of record in said
county.

That plaintiff was induced to execute and
deliver said note and deed of trust by rea-
son of certain statements and promises made
by the agents of said company to the plain-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tiff's agent, Bertha Kaler, in Nueces county, Tex., and by her communicated to the plaintiff. Said statements were to the effect that, if plaintiff would take what was called memberships in said company, and pay therefor the sum of $450, she would be entitled to a loan of $3,000 on her property, and would only be required to pay 3 per cent. interest per annum, and to repay the principal and interest in small monthly installments. That all the money on said loan would not be paid to her at the time of the making of the same, but there would be a deduction of a bonus of $600 and 15 per cent. of the amount of said loan, plus transfer fees, all of which amounts would subsequently be paid or refunded to plaintiff, and that she would be required to furnish an abstract of title and pay the expenses of examination of the same and the preparation of the instruments. That said company was solvent and able to fulfill its contracts. That said statements were false and fraudulent, and were known by the company so to be at the time, and were made to induce her to execute the note and deed of trust. That the whole scheme of said company was false and fraudulent to induce plaintiff and others to take the memberships and apply for loans therein and cloud and incumber the title of their property by reason of said false statements.

That, believing said promises, and relying on the same, she was induced to make application for said loan through her agent, Bertha Kaler, and did furnish abstract of title at a cost of $100, and, in the name of her said agent, Bertha Kaler, took out memberships in said company amounting to $3,000, for which the plaintiff paid through her said agent the sum of $450 to said company, and thereafter said loan was approved, and she executed the note and deed of trust, but she did not receive any money until about the 29th day of April, 1922, when she received the sum of $1,881, and no more and has never at any time received any further sums of money from said company.

That she was advised by said company that the sum paid to her was a balance of the $3,000 for which she had applied after deducting the bonus of $600 with 15 per cent. refund on contracts amounting to $450 transfer fees in the sum of $3 attorney's fees for examination of abstract and preparation of papers $46.25, and an amount reserved for expenses of $19.75, which last sum was subsequently paid to plaintiff. That she did not then and does not now know what the transfer fees represented, and that in fact she received on said note the sum of $1,881 and not the sum of money agreed to be loaned to her.

Thereafter, still relying on said promises, she made installment payments on the note amounting to the total of $649.44 and $450 paid on contracts, or a total of $1,099.44.

That in the fall of 1922 she was advised that said company was in financial difficulties and would not be able to perform the promises made to her and to pay the balance of the money agreed to be loaned, and that thereafter, in January, 1923, on the application of certain contract holders, G. G. Wright was appointed by the district court of the Sixty-Eighth district of Texas at Dallas, and qualified as receiver of said company, and has ever since been acting as such. That a short time after his qualification he demanded of plaintiff payment of the installments of principal and interest on said note to him as receiver, and insisted on the full compliance by plaintiff of the terms of said contract, at the same time declining and admitting his inability to perform the promises of said company, and about the same time John M. Scott, deputy insurance commissioner of the state of Texas, acting for his department, notified plaintiff that said department held her note and deed of trust as a part of the legal reserve of said company, as a deposit required by law, and that said department would administer said legal reserve and demanded that plaintiff make her payments on her note to said department and not to said receiver. About the same time she was advised by the receiver that payments made to the department of insurance would not be recognized by him, and, as both were asserting the exclusive right to collect and declining to allow as credits the payments and membership and the bonus of the 15 per cent. and admitting their inability to perform the contract and insisting that she pay the full amount of principal of the note with 6 per cent. interest, and were threatening to foreclose said deed of trust, she was at a loss to determine to whom payments should be made, or what should be paid, and she therefore refused to make any payments, but she has at all times been, and now is, ready and willing to pay whatever sum of money she justly owed, provided her land is relieved of the lien, and is unwilling to pay more than she justly owes, and that she justly owes the sum of about $750.

That said deed of trust contains the usual provisions for default, and for attorney's fees, and the usual power of sale, and the defendants are threatening to declare the entire amount of said note and foreclose said deed of trust by suit in Dallas county, or in Nueces county, or by the exercise of the power of sale provided in said deed of trust, and in case of foreclosure they will assert and claim said attorneys' fees and costs and expenses.

That said United Home Builders of America is a defunct and insolvent concern, the members of same are insolvent and have absconded and are now without the jurisdiction of this state, and the assets in the hands of said defendants are wholly insufficient to pay the lawful preferred claims and demands

against the same asserted in the receivership and lodged with the commissioner of insurance.

That, by reason of the premises, said note and deed of trust are without consideration, and the consideration has failed, and that she is not liable therefor, and said lien cannot be enforced against her land, and, without waiving any of her defenses, she is ready and willing to pay to whomsoever is entitled thereto the amount admitted by her to have been received with interest at the agreed rate or whatever sum the court, after hearing evidence may determine she ought to pay, and offers to pay and tenders into court whatever sum the court shall direct to be paid.

In the prayer she asks the court to determine the amount she should pay and that she be permitted to pay the same into the registry of the court, and that the court decree upon such payment said note and deed of trust be canceled and the lien existing upon the title of her land be canceled, and that she be quieted in her title and possession of the land, and the defendant restrained from asserting or in any manner interfering or disturbing her, and for judgment against the defendant.

To said first-amended original petition, the defendant G. G. Wright, as receiver, filed his amended plea of privilege, which was in conformity to the statute.

The plaintiff filed a controverting affidavit, alleging that the suit came within subdivision 14 of article 1830, now article 1995, of the Revised Statutes of 1925, to remove cloud and incumbrance upon title to land in Nueces county, Tex.; and, second, upon the ground of fraud committed in Nueces county, Tex., and makes the original petition and the first amended original petition a part of said controverting plea.

On the 26th day of June, 1926, the court heard said plea of privilege of the defendant Wright, as well as the controverting affidavits thereto, and overruled said plea of privilege.

[1] We think the facts of this case, though differently presented, must be controlled and disposed of by the decision in the case of Scott v. Noakes (Tex. Civ. App.) 277 S. W. 735.

The controversy is not alone to cancel a lien, but necessarily for credits on the note, which is held by the receiver. If there were no claimed amount due on the note itself, it might be said that it was a suit primarily to cancel a lien, but that is not so. There is a claimed debt, upon which credits are sought. The lien is itself only an incident to the debt and when the debt is discharged the lien goes. Unlike the case cited by appellant of Wright v. Lynskey (Tex. Civ. App.) 285 S. W. 657, in which the receiver filed no plea of privilege, because of the receivership pending in the district court of Dallas, but here it was

fully set up both on a plea of privilege and likewise a plea in bar, and established by testimony. Here it is pleaded and shown by testimony that the company was in fact in the hands of a receiver, and its affairs were being administered through its receiver in the Sixty-Eighth district court of Dallas.

A receivership, somewhat like a sequestration or attachment, draws to the custody of the court, as a proceeding in rem for the court's ultimate administration, adjustment, and final disposition, all parties as well as their property. So to speak, the matters are in custodia legis, and no other court should interfere by taking jurisdiction of any portion of the assets to thus embarrass another court of like jurisdiction administering the same.

Any fact, claimed by appellee to raise the issue of fraud, has upon that ground been disposed of by the court against her.

[2] This receivership was for the purpose of dissolving the company, concededly insolvent, winding up its affairs, paying its creditors, and for the distribution of its assets among the contract holders and others interested. Equity requires those who borrowed its money to restore it for distribution so that no preference will be given one over the other, and to the end that a full, fair, and complete adjustment of the affairs of the company may be had without preference in the county where the receivership is pending.

The judgment of the trial court overruling the pleas is reversed, and judgment is here rendered that the venue of this case be changed from the district court of Nueces county to the district court No. 68 of Dallas county. The clerk of the district court of Nueces county is directed to make out a correct transcript duly certified to, and with it transmit all the original papers herein to, the clerk of the district court of Dallas county, Tex.