## STANOLIND OIL & GAS CO. v. CHRISTIAN.

No. 4600.

Court of Civil Appeals of Texas. Texarkana.

April 24, 1935.

Rehearing Denied May 2, 1935.

Turner, Rodgers & Winn, of Dallas, and Clay Tallman and L. A. Thompson, Jr., both of Tulsa, Okl., for plaintiff in error.

Abney, Bath & O'Banion, of Henderson, for defendant in error.

JOHNSON, Chief Justice.

This suit was filed by C. O. Christian, owner of the fee and one-eighth royalty in 110 acres of land in Rusk county, against the Stanolind Oil & Gas Company, owner of the seven-eighths oil and gas leasehold, to recover damages for alleged delay from October 6, 1931, to June 1, 1932, in drilling a well on and near the southeast corner of the 110 acres to offset a well known as the E. L. Chapman No. 2, located on an adjoining lease and 178 feet south of the south line of the 110 acres. Plaintiff's suit is based upon an oil and gas lease covering the 110 acres executed by plaintiff May 12, 1927, to John Campbell and by mesne assignments acquired by defendant, which lease was pleaded and made a part of plaintiff's petition, by virtue of which it is claimed that defendant was obligated as an implied covenant to protect the lease from alleged drainage by said Chapman No. 2 well.

The defendant, in addition to its denial of liability under the lease for the alleged drainage, by way of cross-action sought to recover of appellee damages for alleged breach of the implied covenant of quiet enjoyment of the leasehold.

Trial to the court without a jury resulted in judgment in favor of plaintiff for $2,400.87, and that defendant take nothing by reason of its cross-action. By petition for writ of error defendant has presented the case to this court for review.

The parties will be referred to as appellant and appellee.

▪ Under its first proposition appellant in effect asserts that drilling an offset well is development of the property and that the implied obligation of the lessee to develop the property was superseded by the following express stipulation in his lease: "There shall be no express or IMPLIED obligation on the part of lessee to develop said premises for oil, gas or other minerals, either before or after discovery thereof, and no part of this lease shall be forfeited or terminated by reason of the breach of any implied condition or covenants thereof." The above stipulation may be held to have relieved appellant as lessee of the implied covenant to drill for development purposes only. No complaint is made of improper development. In fact, appellant had already drilled five wells on the 110 acres, which it is shown were sufficient for the purpose of proper development in production of the oil from the property. The well in question, No. 6, is claimed to have been needed only as an offset to prevent drainage of the lease by Chapman No. 2 well. It is true that drilling an offset well is in a sense developing the property. But the implied covenant to drill offset wells for protection of the property from drainage is a distinct obligation from the obligation imposed by the implied covenant to develop the property. They are two separate and distinct covenants. The express stipulation against, or the full performance of, the obligation of the lessee to develop the property will not relieve the obligation to prevent drainage. In Texas Co. v. Ramsower (Tex. Civ. App.) 255 S. W. 466, it is held that payment of a stipulated rental in lieu of development did not excuse the lessee from drilling offset wells to protect the property against drainage, affirmed by Commission of Appeals in 7 S.W.(2d) 872.

▪ Under its fifth proposition appellant contends that further express stipulations in its lease relieved appellant of its implied obligation to drill the offset well in question during the period of time covered by the alleged delay, because of the pendency of a suit which appellant was compelled to file and prosecute to regain possession and enjoyment of the lease and to remove the cloud cast upon appellant's title thereto by appellee, the lessor, in executing a subsequent lease covering and

conveying a portion of appellant's leasehold.

The lease upon which appellee's suit is predicated was executed by appellee to John Campbell on May 12, 1927, and by mesne assignments acquired by appellant. The lease contains the following stipulation: "In the event operations of lessee on said premises are delayed as a result of any cause whatsoever beyond the control of lessee or his assigns or in the event the title to said property is for any reason clouded by or action is filed in any court of law or equity, involving the title to said property or any part thereof, the time of such delay or the continuance of said cloud or court action shall not be counted in computing the term of this lease or the obligations thereunder."

On January 19, 1931, appellee executed a lease to one M. E. Rogers covering 9.28 acres of the east side of the 110 acres. Rogers assigned the lease to the Arctic Oil Company. The Arctic Oil Company procured a permit from the Railroad Commission of the State of Texas, to drill a well on the 9.28-acre strip. Application of appellant to the Railroad Commission for permits were denied as to two wells because of their conflict with the location of the Arctic Oil Company's well. Appellee refused appellant's demand to remove the cloud. In order to recover the use and enjoyment of its leasehold and to remove the cloud cast upon its title by appellee and his said lessees, appellant was compelled to file and prosecute suit against said Rogers and the Arctic Oil Company in the United States District Court for the Eastern District of Texas. The suit terminated in judgment in favor of appellant for its right, title, and possession of the 110 acres of land, for which writ of possession was awarded. It was during the pendency of this suit that delay in drilling the offset well in question is claimed to have occurred. The suit was filed September 16, 1931, and judgment entered June 13, 1932. The delay in drilling and completing the offset well in question is claimed to have occurred between October 6, 1931, and June 1, 1932, on which last date appellant completed the offset well in question. No complaint is made that the suit was unnecessary or that it was not diligently prosecuted. It being the contention of appellee that since the Rogers lease did not cover that part of the 110 acres on which was located the offset well in question, appellant was not prevented by the Rogers lease from drilling said offset, hence the stipulation above quoted from appellant's lease would not have application to relieve appellant from its obligation to drill during the pendency of the suit. We do not think this contention is sound. The stipulation is not conditioned upon a suit involving title to the whole of the property. It includes suits involving the title to *any part* of the property, and provides that the time of such court action shall not be counted in computing the terms of the lease "or the obligations thereunder." Appellee's suit is based upon an implied covenant. No obligation can be implied in conflict with an express provision of the contract. Shell Petroleum Corp'n v. Shore (C. C. A.) 72 F.(2d) 193. The stipulation does not appear to be unreasonable and the facts are clearly within its provisions. The assignment is sustained.

Under its propositions 6, 7, 8, and 9, appellant complains of the action of the court in refusing it judgment on its cross-action. The cross-action seeks to recover of appellee lessor, as damages for breach of the implied covenant of quiet enjoyment of the lease, the attorney's fees and other expenses incurred by appellant in prosecuting the above-mentioned lawsuit against M. E. Rogers and the Arctic Oil Company. The trial court in the present case found that, "The Stanolind Oil & Gas Company in preparing and trying the suit it filed against Rogers and Arctic Oil Company incurred and paid expenses amounting to the sum of $2220.83, all of which were reasonable and necessary to the preparation and trial of such suit," but denied appellant any recovery therefor. In the absence of contract to such effect, it is not thought that attorney's fees and expenses incurred in prosecution of such a suit against a third party claiming under plaintiff's lessor are recoverable in a separate suit, as here against the lessor, for breach of the implied covenant of quiet enjoyment of the leasehold. The assignment is overruled.

That part of the judgment of the trial court decreeing recovery in favor of appellee and against appellant will be reversed, and the judgment will here be rendered that appellee take nothing by reason of his suit. That part of the judgment of the trial court denying recovery in favor of the appellant will be affirmed. The cost of this court and of the court below will be taxed against appellee.