**FANNIN BANK et al., Appellants,**

**v.**

**C. E. JOHNSON, Appellee.**

**No. 15345.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 19, 1968.

Rehearing Denied Oct. 17, 1968.

Walter S. McMeans, Houston, for appellant Fannin Bank.

Moore & Morris, Gene S. Morris, Houston, for appellant Thomas W. Moore, Jr.

Hodges, Moore & Gates, Columbus, J. C. Hinsley, Austin, for appellee.

COLEMAN, Justice.

This is an appeal from the judgment of the District Court of Colorado County overruling the pleas of privilege of appellants, Fannin Bank and Thomas W. Moore, Jr.

This action is one to remove cloud from title to real estate located in Colorado County created by the filing of an abstract of judgment in the records of Colorado County and for consequential damages. Fannin Bank obtained a judgment against appellee, C. E. Johnson, in the Dis-

trict Court of Harris County, Texas. The bank caused the abstract of judgment to be filed. Appellee alleges that after this occurred, the judgment was paid, but that Fannin Bank has refused to release the judgment lien. He alleges that by reason of the payment in full of the judgment, the judgment, and the abstract thereof, are wholly void and ineffective as a lien on the lands of appellee located in Colorado County, but that the presence of such abstract of judgment in the judgment records of Colorado County constitutes a cloud on the title of appellee to his said land.

Appellee alleged that appellant, Thomas W. Moore, Jr., conspired with Fannin Bank to keep the abstract of judgment of record in the judgment records of Colorado County, Texas, in order to harass and coerce appellee and to control his actions with respect to the financial affairs of Emsco Screen Pipe Company of Texas, Inc. Thomas W. Moore, Jr. is the assignee for the benefit of the creditors of that corporation, of which appellee was an officer.

By way of answer to the pleas of privilege appellee alleged that venue properly lay in Colorado County under Exception 14, Article 1995, Vernon's Ann.Civ.St., which provides that suits to remove encumbrances upon the title to land, or to quiet the title to land, must be brought in the county in which the land, or a part thereof, may lie; under Exception 23, Article 1995, V.A.C.S., which provides that suits against a private corporation may be brought in the county in which the cause of action, or a part thereof, arose; and by reason of Exception 29a, Article 1995, V.A.C.S., permitting a suit, lawfully maintainable in any county of this state under the provisions of Article 1995 as to any defendant, to be maintained in such county against any and all necessary parties thereto.

■ No findings of fact or conclusions *of law were requested or filed.* A statement of facts is in the record. The evidence is undisputed that the residence of appellant, Thomas W. Moore, Jr., is in Harris County, Texas, and that Fannin Bank is a banking corporation organized under the laws of the State of Texas with its principal place of business in Houston, Harris County, Texas. Venue of the suit lies in Harris County, Texas, unless the evidence clearly brings the case within one or more of the exceptions relied on by appellee. Goodrich v. Superior Oil Company, 150 Tex. 159, 237 S.W.2d 969 (1951).

■ The venue facts which must be established to bring this suit within Exception 14 are: (1) the nature of the cause of action, and (2) the location of the land. (1) must be determined from the plaintiff's petition, and (2) must be established by evidence. Gilbert v. Gilbert, 145 Tex. 114, 195 S.W.2d 936 (1946); Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (1945); Higginbotham-Bailey-Logan Co. v. Hancock, 4 S.W.2d 583 (Eastland Civ.App. 1928); Pickens v. Harrison, 231 S.W.2d 812 (Galveston Civ.App.1950).

■ The real issue concerns the nature of the cause of action as asserted in the original petition. Appellants contend that the primary cause of action is one to establish payment of the judgment. They cite Bowman v. Muncy, 197 S.W.2d 866 (Amarillo Civ.App.1946); Miller v. Howell, 234 S.W.2d 925 (Ft. Worth Civ.App. 1950); Scott v. Noakes, 277 S.W. 735 (San Antonio Civ.App.1925); and Wright v. Kaler, 293 S.W. 315 (San Antonio Civ. App.1927). In all of the cases the lien alleged to be a cloud on the title was admittedly valid and subsisting. In this case it was alleged that the debt was paid in full and the lien void. The language used by the court in Bowman v. Muncy, *supra, supports our determination that the* primary purpose of this suit, as determined by the allegations of the plaintiff's original petition, is to remove a cloud from the title to his land. In that case the court said:

"In those cases cited by appellee one or the other of the parties to the suit either

challenged the validity of the lien on land, claimed that no valid debt existed, or raised other issues that had a tendency to show an encumbrance on land or a cloud on title such as would bring the suit within the purview of the provisions of Subdivision 14 of the venue statutes. But the pleadings in this case present no such issues.

"The general rule has been announced by many Texas courts that under the venue statute a plaintiff bringing a cause of action in good faith is entitled to invoke the venue that accords with the allegations in the petition. McKee v. McKee, Tex.Civ. App., 12 S.W.2d 849; Salisbury v. Taylor, Tex.Civ.App., 5 S.W.2d 874; Diamond Mill Co. v. Adams-Childers Co., Tex.Civ. App., 217 S.W. 176."

We overrule appellants' point that appellee failed to prove ownership of any land in Colorado County. While he did not introduce documentary evidence such as would be necessary in an action wherein title to real estate is in issue, he did testify that he owned some 4,000 acres in that county. Where title to land is only collaterally involved, this is admissible evidence and is sufficient. Bains v. Parker, 143 Tex. 57, 182 S.W.2d 397 (1944); Bexar County v. Terrell, 14 S.W. 62 (Tex.1890); Texas Co. v. Ramsower, 255 S.W. 466 (Dallas Civ.App.1923), aff'd 7 S.W.2d 872 (Tex.Com.App.1928).

Appellee also sustained venue in Colorado County under Exception 23, Art. 1995, V.A.C.S. Appellant pleaded that it was a banking institution organized under the laws of the State of Texas. There was, therefore, no necessity for proof of that fact. The existence of the abstract of judgment in the deed records of Colorado County was proven. This constituted a part of the cause of action which arose in that county. While the question of whether the judgment was fully paid was closely contested, appellee introduced sufficient evidence to support the implied finding of the trial court that the entire judgment had been paid. The evidence is sufficient to support the implied finding of the trial court that a cause of action was established as against Fannin Bank. Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., 389 S.W.2d 694 (Tyler Civ.App.1965).

Appellant Moore by his second point of error contends that *Appellee's Petition* and *Controverting Affidavit* in the trial court did not show that he was a necessary party to the suit to remove cloud. The petition did allege that he conspired with the Fannin Bank to keep the abstract of judgment of record in Colorado County in order to coerce appellee and control his actions in certain particulars. Appellee has not *alleged* any facts from which it could be determined that appellant Moore is a necessary party to the cause of action for removal of the cloud from the title to real estate. Joined with this suit is a secondary suit for damages by reason of loss of opportunities to sell or lease part of the property. Appellee alleged a joint cause of action against Fannin Bank and appellant Moore. If he is successful in this action, he would be entitled to recover a joint and several judgment. Appellant Moore is a necessary party to this action. Since as to Fannin Bank venue lies in Colorado County under Exception 23, the District Court of Colorado County also has venue of the suit as to appellant Moore under Exception 29a insofar as can be determined from the pleadings. The point is without merit. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956); Texas Company v. State, 154 Tex. 494, 281 S.W.2d 83 (1955); Reagan County Purchasing Co., Inc. v. State, 65 S.W.2d 353 (Austin Civ.App. 1933).

The judgment of the Trial Court is affirmed.